1
2
3
4

**Richard J. Galante, Pro Se**
**83 Stephens State Park Road**
**Mount Olive, NJ 07840-5005**
**973-641-0107**
**Fishing66@optonline.net**

5

# United States District Court for the District of New Jersey

6
7
8

**Richard J. Galante, Pro Se, Executor**
**Of The Estates of Robert F. Galante and**
**Juliet J. Galante**

9

vs.

**Docket**
**Number:_____**

10
11
12
13

**Athene Holding Ltd., Athene Annuity**
**Company, Athene USA, Athene Annuity**
**and Life Company, AT&T Inc., ABC**
**Insurance Co., DEF HR Consulting, GHI**
**Insurance Broker, JKL Law Firm and**
**John Does 1-1000, Defendants.**

**Summons, Complaint,**
**Demand for Damages,**
**Declaratory Relief, Injunctive**
**Relief, Enjoinment and**
**Motion for Summary for**
**Judgement**

14
15
16
17

Plaintiff Richard J. Galante, Pro Se, as Executor of The Estates of Robert F.
Galante and Juliet J. Galante, by way of complaint against the defendants, hereby
avers:

18

## I. Addresses for Service of Process

19
20
21
22

Christopher Jefferson or Other Employee
**Athene USA**
7700 Mills Civic Parkway
West Des Moines, IA 50266

23
24
25

David McAtee or Other Employee
**AT&T Inc.**
208 South Akard Street
Dallas, TX 75202

26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.  RECITATION OF PARTIES

Plaintiff is Executor of The Estate of Robert F. Galante and The Estate of Juliet Galante (Hereinafter "The Estate"). Athene Annuity Company, Athene Holding Ltd., Athene USA et als (Hereinafter "Athene"), and John Does 1-1000 sell, service, maintain, administrate and underwrite annuity contracts and defined benefit plans per their internet, verbal and written representations. Defendant Athene allegedly administered an annuity to decedent Robert Galante under Certificate Number 62B97211724118019. Defendant AT&T is a telecommunications company that employed Decedent Robert F. Galante. Defendant ABC Insurance Company insures defendant Athene for professional liability.  Defendant DEF HR Consulting provided defendants with HR Consulting Services. Defendant JKL Law Firm provided defendants with legal advice.

## III. CAUSES OF ACTION

Each Count in this complaint is made on the basis of ordinary negligence, gross negligence, willful and wanton conduct, breach of contract, breach of good faith and fair dealing, breach of express and implied warranty, failure to provide services as described and promised, misrepresentation, unjust enrichment, fraud, undue influence, estoppel, breach of statute of limitations, breach of statute of repose, enjoinment, breach of statute of laches and protections given to The Estate under the ***Consolidated Appropriations Act, 2023, Subsection H. R. 2617—878***

("*The Act*"), ***In re Estate of Scott*** and any and all other sources of relief. Failure to name each cause of action in each count shall not serve as a waiver of such cause of action against defendants. Plaintiff reserves the right to amend this Complaint to include additional causes of action, defendants, affirmative claims and demands for relief.

### COUNT ONE

Stephen R. Galante, son of Robert F. Galante (Deceased 03/27/2021), received a letter from Athene dated 12/05/2024 demanding recoupment of $22,347.46 for alleged overpayments on an annuity contract with Robert F. Galante. The letter was prominently titled, "**Overpayment Letter-First Notice**. Plaintiff responded to Athene via letter dated 12/15/2024 requesting documentation to ascertain the veracity of their claims but Defendants refused to provide such documentation. Wherefore, Plaintiff demands an Order to Compel defendants to provide Plaintiff with documentation requested in the letter of 12/15/2024, an Order of Enjoinment/Restraining Order prohibiting defendants from pursuing The Estate for reimbursement together with declaratory and injunctive relief that defendant's claims for recoupment are barred, null and void under **The Act** and **In re Estate of Scott**.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT TWO**

Plaintiff repeats all prior Counts as if set forth here at length. Plaintiff called Athene 12/18/2024 to seek further information. Claims representative "Peter" issued the following statements and representations:

- Athene had nothing to do with any annuity contract and that this matter was a defined benefit plan involving a former employer of decedent Robert F. Galante (defendant AT&T).

- The amount of damages sought by Athene and/or their client AT&T was over $90,000, not $22,347.46 as demanded in Athene's letter of 12/05/2024.

- That Plaintiff needed to contact AT&T, employer of the decedent until approximately November 2001, to obtain a copy of the annuity and/or pension contract. "Peter" made no mention of a Pension Risk Transfer (PRT) from Defendant AT&T to Defendant Athene in May of 2023.

- Athene would continue to pursue The Estates until restitution of alleged overpayments was made.

  Defendants have committed ordinary, gross, intentional, malicious and wantonly negligent conduct by more than quadrupling their demand for damages, aggressively questioning plaintiff's truthfulness by suggesting concealment of the death of Robert F. Galante, telling Plaintiff that they needed to contact AT&T for information about a supposed pension contract, refusing to provide

Plaintiff with requested information, misrepresenting the type of benefit contract in dispute, failing to disclose the PRT and threatening to pursue The Estate for payment regardless of validity of defendant's claims, solvency of The Estate and protections afforded by ***In re Estate of Scott*** and ***The Act***. Wherefore, Plaintiff demands compensatory damages, consequential damages, punitive damages, declaratory and injunctive relief and enjoinment together with all costs incurred.

### COUNT THREE

Plaintiff repeats all prior Counts as if set forth here at length. Defendant Athene was advised in writing 12/18/2024 that the State of Pennsylvania had declared The Estate of Robert F. Galante to be insolvent as of 11/07/2024, however, defendant Athene continued to attempt recoupment of alleged overpayments even after such advisement. **The Act** prohibits pursuing a spouse, former spouse or beneficiaries for recoupment and Athene's claims are therefore barred. Wherefore, Plaintiff demands compensatory damages, consequential damages, punitive damages, declaratory and injunctive relief and enjoinment together with all costs incurred.

### COUNT FOUR

Plaintiff repeats all prior Counts as if set forth here at length. On 12/18/2024, Athene claims representative "Peter" aggressively questioned Plaintiff, "Why didn't you tell us that your father died?" According to the US Social Security Administration:

(https://www.ssa.gov/oact/NOTES/as120/LifeTables_Tbl_11.html) there is only a 13.46% chance that a man born in 1937 would live to age 70. Defendants are enormous, publicly traded corporations with ample resources to determine the life status of an annuitant/defined benefit plan recipient. Defendants made no effort to determine the life status of Robert F. Galante despite his age of 84 at time of death 03/27/2021 and yet, according to their representations, issued payments to the decedent long after his passing. Defendants have unfettered access to the Social Security Death Master File ("SSDMF") but failed to check it for life status of Robert F. Galante. It is patently inane, incomprehensible and negligent that defendants made no attempt to ascertain the life status of decedent Galante who would have been 87.9 years old at the time they first notified The Estate of their claims of alleged overpayment. Defendant Athene failed to conduct proper and thorough due diligence while evaluating, pricing and accepting financial risk in the PRT, failed to determine the life status of decedent Galante and attempted to mask their negligent conduct by instead pursuing The Estate for alleged overpayments in violation of **The Act** and **In re Estate of Scott**. Wherefore, Plaintiff demands compensatory damages, consequential damages, punitive damages, declaratory and injunctive relief and enjoinment together with all costs incurred.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT FIVE

Plaintiff repeats all prior Counts as if set forth here at length. Decedent Robert F. Galante was afflicted with Alzheimer's Disease among multiple other severe and debilitating medical conditions prior to his demise. Galante was confined to the Memory Care unit of a nursing home and was incapable of advising Executor/Plaintiff of financial assets, liabilities, obligations or arrangements. Despite knowing or should of having known of such condition(s), defendants, via their employee "Peter", alleged that Plaintiff/Executor breached their supposed obligation to notify them of Decedent's life status. Defendants are massive, publicly traded corporations who have more than ample resources to determine the life status of an annuitant/defined benefit plan member including the SSDMF but they neglected to do so and instead sought damages from an insolvent Estate to rectify their own failings in violation of **The Act** and **In re Estate of Scott.** Wherefore, Plaintiff demands compensatory damages, consequential damages, punitive damages, declaratory and injunctive relief and enjoinment together with all costs incurred.

## COUNT SIX

Plaintiff repeats all prior Counts as if set forth here at length. Defendants contacted The Estate via letter dated 11/01/2024 to advise that defendants had received a

request to change the address Robert F. Galante. The Estate made no such request and advised Defendants via letter dated 11/24/2024 that:

1. The Estate had not made a change of address request and that fraudulent activity was suspected

2. Robert F. Galante passed 03/27/2021

Plaintiff made demand for the identity of the party(ies) that requested a change of address. Defendants disregarded this communication from Plaintiff/The Estate in breach of their duty to investigate, defend, adhere to contractual obligations, protect the fiduciary interests of an annuitant/defined benefit plan member, plan sponsor and shareholders by preventing fraud. Wherefore, Plaintiff demands compensatory damages, consequential damages, punitive damages, declaratory and injunctive relief and enjoinment together with all costs incurred.

## COUNT SEVEN

Plaintiff repeats all prior Counts as if set forth here at length. On or about 12/23/2022 (prior to the PRT), Congress passed the **Consolidated Appropriations Act, 2023 ("*The Act*"), Subsection H. R. 2617—878** which was signed into law by President Biden December 29, 2022, before defendant Athene alleges they instituted overpayments. **The Act** states:

**"(4) RECOUPMENT FROM PARTICIPANTS AND BENEFICIARIES**

If the responsible plan fiduciary, in the exercise of its fiduciary discretion, decides to seek recoupment from a participant or beneficiary of all or part of an inadvertent benefit overpayment made by the plan to such participant or beneficiary, it may do so, subject to the following conditions:

**(B)** If the plan seeks to recoup past overpayments of a non-decreasing annuity by reducing future benefit payments—''(i) the reduction ceases after the plan has recovered the full dollar amount of the overpayment,''(ii) the amount recouped each calendar year does not exceed 10 percent of the full dollar amount of the overpayment

**(C)** If the plan seeks to recoup past overpayments of a benefit other than a non-decreasing annuity, the plan satisfies requirements developed by the Secretary of Labor for purposes of this subparagraph….

**(D)** Efforts to recoup overpayments are—(i) not accompanied by threats of litigation…Efforts to recoup overpayments are— (ii) not made through a collection agency or similar third party, unless the participant or beneficiary ignores or rejects efforts to recoup the overpayment following either a final judgment in **Federal or State Court** or a settlement between the participant or beneficiary and the plan, in either case authorizing such recoupment.

**(E)** Recoupment of past overpayments to a participant is not sought from any beneficiary of the participant, including a spouse, surviving spouse, former spouse, or other beneficiary.

**(F)** Recoupment may not be sought if the first overpayment occurred more than 3 years before the participant or beneficiary is first notified in writing of the error, except in the case of fraud or misrepresentation by the participant.**"**

Plaintiff asserts the following affirmative claims and defenses against recoupment:

**Breach of Subsection B:** Defendant Athene is seeking to collect alleged overpayment in a lump sum in breach of Subsection B.

**Breach of Subsection D:**

- Defendant Athene is a Third Party, not a plan sponsor and is acting as a collection agency.

- Defendant AT&T purportedly conducted a Pension Risk Transfer (PRT) to Defendant Athene in May of 2023. Defendant Athene was not a party to the original defined benefit contract between defendant AT&T and Decedent Galante, further cementing its status as a Third Party.

- Defendant Athene never advised the Estate or plaintiff of notice obligations following the PRT, nor did they provide the Estate or Plaintiff with a copy of the PRT contract and annuity plan for review.

-  The PRT was finalized 05/2023 which is after the passing **The Act** and the death of Robert F. Galante. Decedent Galante had no ability to evaluate terms and conditions of a contract that was executed after his passing, negating his ability to evaluate and contest the terms and conditions of the PRT.

- Reference to a "final judgement in ***Federal or State Court***" negates any attempt by defendants to contest jurisdiction.

- There has been no final judgment in Federal or State Court nor a settlement between the participant or beneficiary and the plan to have been ignored or rejected, let alone a settlement or judgement "authorizing such recoupment".

**Breach of Subsection E:** Robert F. Galante passed away 03/27/2021. Juliet Joy Galante, spouse of Robert F. Galante, passed away 05/24/2024. Defendants are attempting recoupment from a spouse, former spouse and Estate Beneficiaries Richard J. Galante, Stephen R. Galante and Robert F. Galante Jr. These recoupment efforts are specifically barred by Subsection E of *The Act*.

**Breach of Subsection F:** Defendants did not notify Plaintiff of any alleged overpayment until their letter of 12/05/2024 which is 44 months after the death of Robert F. Galante and their efforts are time-barred by *The Act*.

**Breach of The Act in Its Entirety:** Defendant Athene knew of or should have known of passage of **The Act** prior to the PRT and the effect **The Act** would have on recoupment. Defendant Athene has negligently and deliberately disregarded recoupment provisions in **The Act.**

Wherefore, Plaintiff demands relief declaring that defendant's claims are barred by *The Act* and are null and void. Relief is also sought for compensatory damages, punitive damages, all costs incurred and enjoinment prohibiting further collection and recoupment actions.

### COUNT EIGHT

Plaintiff repeats all prior Counts as if set forth here at length.  Subsection F. of *The Act* States:

"Recoupment may not be sought if the first overpayment occurred more than 3 years before the participant or beneficiary is first notified in writing of the error, *except in the case of fraud or misrepresentation **by the participant**.*"

Plaintiff is Executor of The Estate of Robert F. Galante and The Estate of Juliet Joy Galante, not a plan participant. Plan participant Robert F. Galante passed 03/37/2021. It is therefore impossible for Plaintiff or his brothers to have committed fraud or misrepresentation as required by Subsection F of ***The Act***.

Pursuant to ***In re Estate of Scott, Texas Court of Appeals,*** "*Sponsor* must prove: (1) *Annuitant/Plan Member* deliberately failed to disclose material facts; (2) *Annuitant/Plan Member* had a duty to disclose such facts to Principal; (3) *Sponsor* was ignorant of the facts ***and did not have an equal opportunity*** to discover them; (4) by failing to disclose the facts, Annuitant/Plan Member intended to induce *Sponsor* to act or refrain from acting; and (5) *Sponsor* relied on the non-disclosure, which resulted in injury." Plaintiff avers:

1. Annuitant/Plan Member Robert F. Galante passed away 03/27/2021 so it is impossible for him to have deliberately failed to disclose material facts after his death. His death was easily discoverable by searching the SSDMF but defendants failed to do so.

2. Defendants have never provided Plaintiff with the annuity or defined benefit contract, therefore, Plaintiff had no knowledge of notice requirements. This

is particularly relevant due to the PRT and Athene's representations that it is now an underwriter and fiduciary of a former AT&T defined benefit plan.

3. Principals/Defendants/Sponsors are enormous, publicly traded corporations and even a cursory attempt at life status verification would have revealed the passing of Robert F. Galante 03/27/2021. The following search results were obtained by typing "Robert F. Galante Newtown PA" into Google, the cost of which was $0.00 and time expenditure of less than 30 seconds:

- https://www.fluehr.com/obituaries/robert-f-galante-2021-03-28
- https://www.legacy.com/us/obituaries/buckscountycouriertimes/name/robert -galante-obituary?id=6942079

- Defendants have unfettered access to the SSDMF, did not ascertain the life status of Robert F. Galante yet claim they issued payments in the absence of such information. Plaintiff does not have access to nor any ability to modify or delete information in the SSDMF. Any alleged overpayments are solely due to outrageously negligent conduct by defendants.

4. Annuitant/Plan Member Robert F. Galante passed away 03/27/2021. Surviving Spouse Juliet Galante had severe dementia and was incapable of communicating clearly, ambulating, feeding herself, dressing, bathing and toileting let alone devising a scheme to induce defendants to fail to act. Juliet Galante passed away 05/24/2024.

5. Principals/Defendants did not conduct or rely on any life status report of Robert Galante and allegedly issued payments without such information. Defendant Athene seeks to conceal their negligent underwriting, pricing of the PRT and claim handling by asserting demands for reimbursement against The Estate. Plaintiff demands true and exact copies of Athene's internal policies and procedures for conducting Life Status reports on annuity/pension plan benefit recipients including policies regarding accessing and verifying annuitant/plan benefit member life status via the SSDMF. Demand is also made for the identify of all Athene representatives who evaluated an approved alleged overpayments to The Estate, coupled with demand for their presence at depositions.

6. On 12/18/2024, Athene claims representative "Peter" aggressively questioned Plaintiff, "Why didn't you tell us that your father died?"  "Peter" stated that the contract in question was a defined benefit plan from decedent Galante's prior employer AT&T and was not in fact an annuity. Defendant(s) did not advise Plaintiff/Executor or The Estates that the matter in question was a defined benefit plan until the conversation with "Peter". Incredulously, Defendant Athene's letter of 12/05/2024 states, "**Athene was recently informed of Robert F. Galante's death on March 27, 2021. An annuity overpayment in the net amount of $22,347.36 occurred".**  Defendant Athene has made

conflicting representations that the payments were issued from an annuity contract with Robert F. Galante and that the payments were from a defined benefit plan with Defendant AT&T. "Peter" made no mention that Defendant Athene had engaged in a PRT with defendant AT&T, let alone that the PRT is currently being contested in Federal Court (**Piercy et al. v. AT&T Inc. et al**) Upon having been granted Letters Testamentary 07/10/2024 by the State of Pennsylvania for the Estate of Juliet Galante, Plaintiff closed both the Joint Checking Account of Robert F. Galante and Juliet Galante and the business checking account of Juliet Galante. As it is not possible to make an electronic deposit into a closed bank account and attempts to do so would have been rejected by PNC, defendant Athene knew or should have known that decedent's financial institutions and status had changed and should have reached out to the Estate for information and/or conducted a Life Status inquiry. Defendant Athene failed to do so.

Wherefore, Plaintiff demands copies of every Life Status inquiry made by defendants on decedent Robert F. Galante during the entire pendency of any annuity or defined benefit contract, copies of Life Status inquires on decedent Robert F. Galante prior to, during and after the PRT, declaratory relief that Plaintiff did not commit fraud or misrepresentation mandated by *In re Estate of Scott* and Subsection F of *The Act*, injunctive relief and enjoinment,

compensatory, consequential and punitive damages together with all costs incurred.

## COUNT NINE

Plaintiff repeats all prior Counts as if set forth here at length.

Defendants are enormous publicly traded corporations who doubtlessly have internal and external legal counsel and HR Consultants to advise of regulatory developments that may affect their operations. Indeed, the 2023 5500 Filing for "AT&T PENSION BENEFIT PLAN" lists Aon Consulting of Dallas Texas as plan actuary. Aon is a global, publicly traded risk management, employee benefits and HR consulting firm. Aon published a client Whitepaper 02/2023 on *The Act* which advised clients of specific new rules regarding overpayment recoupment:

**https://insights-north-america.aon.com/defined-benefit/aon-db-secure-2-0-whitepaper**

Mere common-sense dictates that upon passage of *The Act* and receipt of professional advice, Defendants would have conducted life status investigations on annuity and pension recipients to avoid breach of *The Act*.  This is further proof that defendant Athene failed to conduct sufficient due diligence prior to, during and after the PRT as Robert Galante passed away **before** passage of **The Act** and **before** the PRT. Wherefore, Plaintiff demands declaratory relief that Athene and AT&T claims are barred by Estoppel, the Statute of Repose, The Statute of Laches and *The Act* together with compensatory damages, consequential

damages, punitive damages and all costs incurred.

## COUNT TEN

Plaintiff repeats all prior Counts as if set forth here at length. Prior to, during and after the PRT, Defendant Athene failed to ascertain the life status of decedent Galante, indeed, their letter of 12/05/2024 states, "Athene was recently informed of Robert F. Galante's death on March 27, 2021". The aforesaid notice came from Plaintiff's letter of 11/24/2024. Defendant Athene, having purportedly purchased the pension assets and liabilities of the AT&T Pension Plan, has breached its obligation of good faith, fair dealing and fiduciary duty to its shareholders by failing to determine the life status of decedent Galante and possibly multiple others which caused alleged overpayments. Defendant Athene failed to access the SSDMF. Athene has committed professional negligence to the detriment of Athene's shareholders and policyholders and seeks to mask its professional negligence by instead pursuing an insolvent Estate and beneficiaries which it is prohibited from doing according to **The Act**. Wherefore, Plaintiff demands an Order to Compel defendant Athene to place its professional liability insurer on notice of a claim ("Defendant ABC Insurance Co."), that the identity of such insurer including policy information (Name of Broker, Name of Insurers and their position in the professional liability tower, Policy Numbers, Deductible/Self Insured Retention(s), policy limits and any alterative risk financing arrangements)

be disclosed to Plaintiff and that such insurance providers be named as defendants in this action.  Plaintiff also demands entire copies of the PRT Agreement between Defendant AT&T and Defendant Athene.

## COUNT ELEVEN

Despite multiple communications to Athene advising that Plaintiff is the Executor of the Estate and Representative of Robert Galante and Juliet Galante (deceased), Athene has continued to direct threatening correspondence to Stephen R. Galante, brother of plaintiff. Athene sent a letter to Stephen R. Galante dated 01/08/2025 which stated, "Athene may seek all legal remedies in order to collect the overpayment". Pursuant to **The Act**, Athene is prohibited from making attempts at recoupment via threats of litigation. Wherefore, Plaintiff demands an order restraining and enjoining defendants from further correspondence with Stephen R. Galante, prohibiting threats of litigation and declaratory relief that that any and all further correspondence be directed to plaintiff.

## COUNT ELEVEN

Defendant Athene claims that it issued 1099-R filings for Tax Years 2023 and 2024 with the United States Internal Revenue Service for decedent Robert Galante. Plaintiff never received any such notice. Plaintiff has filed numerous documents and attestations with the State of Pennsylvania for the administration of The Estate of Robert Galante and The Estate of Juliet Galante. As a result of Athene's

ordinary, gross, willful and wanton negligence, the Pennsylvania filings are now incorrect, false and potentially fraudulent. Plaintiff maintains a multi-state insurance producer license which is now jeopardized by Athene's conduct. Wherefore, plaintiff demands declaratory relief that the 1099-R documents are null, void and are to be rescinded, injunctive relief preventing defendant Athene from further such filings, compensatory and punitive damages together with all costs incurred.

## MOTION FOR SUMMARY JUDGEMENT

Plaintiff hereby moves for summary judgement declaring that defendant Athene's attempts at recoupment are null, void, prohibited, estopped and barred.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgement is appropriate if/when:

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion."

Plaintiff moves for Summary Judgement based on the following incontrovertible facts and matters of law:

- Defendant Athene has stated in writing that it issued payments to decedent Robert F. Galante both **after** his 2021 death and **after** the 2022 passage of the **Consolidated Appropriations Act ("*The Act*"), Subsection H. R. 2617—878**

- There can be no dispute that defendant Athene has violated the **Consolidated Appropriations Act ("*The Act*"), Subsection H. R. 2617— 878,** including but not limited to Subsections B, D and F which state:

**"(B)** If the plan seeks to recoup past overpayments of a non-decreasing annuity by reducing future benefit payments—''(i) the reduction ceases after the plan has recovered the full dollar amount of the overpayment,''(ii) the amount recouped each calendar year does not exceed 10 percent of the full dollar amount of the overpayment

- **(D)** Efforts to recoup overpayments are—''(i) not accompanied by threats of Litigation…. Efforts to recoup overpayments are—(ii) not made through a collection agency or similar third party

**(E)** Recoupment of past overpayments to a participant is not sought from any beneficiary of the participant, including a spouse, surviving spouse, former spouse, or other beneficiary."

That Defendant Athene, a Third Party, has demanded full and immediate recoupment from Stephen R. Galante, son of Robert Galante (deceased) and Juliet Galante (deceased) and beneficiary of their Estates, coupled with Athene's threats of litigation, negates and suppresses any and all defenses that defendant Athene may assert in opposition to this Motion for Summary Judgement as they have incontrovertibly violated multiple sections of **The Act.** Plaintiff therefore requests that The Court grant this motion for Summary Judgement against defendant Athene, together with damages and all costs incurred.

Plaintiff reserves the right to assert additional causes of action, name additional defendants, file Amended Complaint(s), motions and discovery demands, seek additional relief to retain counsel.

Sworn and Subscribed:

_____

Richard J. Galante, Pro Se                    Date: